MARY E. THAYER, RESPONDENT, v. THE AGRICUL-
TURAL INSURANCE COMPANY OF WATERTOWN,
APPELLANT.

*Insurance policy — occupancy of insured premises — power of agent to waive conditions
of policy.*

APPEAL from a judgment, in favor of plaintiff, entered on the
report of a referee.

The policy of insurance upon which this action was brought con-
tained the provision following : " If the dwelling-house hereby insured
become vacated by the removal of the owner or occupant, or be
unoccupied at the time of effecting the insurance, and not so stated
in the application, then and in every such case, and in either of
said events, the policy shall be null and void." The dwelling-house
of the plaintiff insured, was vacant at the time of the fire, and had
become vacant, as the referee found, on the 23d of May, 1873, and
was consumed by fire on the twentieth of June afterward.

The referee found that the application for the policy was made
through one Malcolm, an agent of the defendant, and that the
defendant, pursuant thereto, issued and delivered by mail to the
plaintiff said policy ; that on the 19th of May, 1873, at Boonville,
N. Y., the plaintiff met the defendant's agent, Malcolm, and
informed him that her tenant was about to move out, and the said
dwelling-house become vacant, and stated to him that she had lost
the policy ; that she was informed by him that he had a record of
it at home, and that there would be no trouble about it.

The court *held,* that if Malcolm had been a general agent of the
defendant, authorized to receive applications and issue policies in
its behalf, this notice to him, that the said dwelling-house was about
to become vacant, with a declaration or assurance to the plaintiff
thereupon, " that he had a record of it at home, and that there
would be no trouble about it," would be equivalent to the issue
of a new policy upon said house as a vacant and unoccupied house,
or a clear waiver of all ground of forfeiture on account of the
removal of the plaintiff's tenant therefrom, within the case of
*Pratt* v. *New York Cen. Ins. Company* (64 Barb., 589, and 55
N. Y., 505). That, as a matter of fact, Malcolm had no power to bind

the defendant by any contract, except to give consent to the assignment of policies on notice to the company, he merely having authority to make surveys and to take applications for insurance against loss or damage by fire for said company. That, as the plaintiff's policy upon its face stated that " no agent of the company is permitted to give consent of the company in any other case required by the provisions of this policy, or to waive any stipulation or condition therein contained," this was part of the contract, and the plaintiff was bound to take notice of the terms of the policy.

The court distinguished the cases of *Bodine* v. *Exchange Fire Insurance Company* (51 N. Y., 117), and *Bowman* v. *The Agricultural Insurance Company* (2 N. Y. S. C., 264), and said it was properly held in them that the condition as to prepayment of premiums might be and could be waived by the delivery of the policy or certificate of renewal by the company or its authorized agent without exacting payment, upon credit given or implied; and as to the case of *The Niagara Insurance Company* (3 N. Y. S. C., 33), as the company had notice of the insurance from Haines (the agent), and of the fact that the building was then unoccupied, and received the premium, it was not in a position to claim that Haines had no authority to waive the condition as to vacant buildings.

*Bradley Winslow,* for appellant. *Abram I. Mereness,* for respondent.

Opinion by SMITH, P. J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment reversed and new trial granted, costs to abide the event.